717 A.2d 938

**AMERICAN RED CROSS**

v.

**Carol EPPERLY.**

**No. 101, Sept. Term, 1997.**

Court of Appeals of Maryland.

Sept. 16, 1998.

John Mills Barr (Anne McCully Murphy, Morgan, Lewis & Bockius, L.L.P., Washington, DC; Jeff Evan Lowinger, Furey, Doolan & Abell, L.L.P., Chevy Chase, all on brief), for appellant.

John B. Gill, Jr. (Gill & Slippel; Leonard P. Bienvenu, all on brief), Rockville, for appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

RODOWSKY, Judge.

This is an action for judicial review of a decision by the Montgomery County Commission on Human Relations (the Commission) applying that county's ordinance prohibiting discrimination in employment on the basis of handicap. The Commission concluded that the appellant, American Red Cross (ARC), had violated the ordinance in a number of respects, and it granted relief to the appellee, Carol Epperly

(Epperly). On ARC's petition for review the Circuit Court for Montgomery County affirmed in part, and reversed in part, the Commission's action. Cross-appeals were filed to the Court of Special Appeals, but we granted certiorari on our own motion prior to consideration of the matter by the intermediate appellate court. The issues raised cover the spectrum from whether Epperly is a handicapped person under the ordinance, through disputes over reasonable accommodation and the substantiality of the evidence of discrimination, to challenges to the Commission's power to have decided this particular case. We cannot reach the merits at this time, however, because there is no final order of the Commission.

Chapter 27 of the Montgomery County Code (1994) (the Ordinance) is entitled, "Human Relations and Civil Liberties."[1] It creates the Commission, and it prohibits various forms of discrimination, including discrimination in employment.

Section 27–19 provides, in relevant part, as follows:

"(a) It shall be an unlawful employment practice to do any of the following acts because of the . . . handicap . . . of any individual or because of any reason that would not have been asserted but for the . . . handicap . . . of the individual:

"(1) For an employer:

"a. To fail or refuse to hire or fail to accept the services of or to discharge any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment."

Epperly's employment by ARC began in October 1980 as a Secretary II. She contends that she is disabled by severe asthma but nevertheless qualified to perform the requirements of various positions at ARC. Over the years she received a number of promotions at ARC until, effective in April 1988, her position was terminated, an action that was not unlawful. Thereafter Epperly applied for, but was not hired

---

1. All statutory references are to the Montgomery County Code (1994).

to fill, certain vacancies. She accepted employment as a receptionist at ARC, but voluntarily quit in October 1988. Epperly complained to the Commission that ARC did not reasonably accommodate her handicap and that ARC, based on her handicap, discriminated against her in her efforts to be re-employed.

There are at least four components to the Commission, namely, the Commission members themselves, Commission panels, hearing panels, and the office of the Executive Director. There are separate Commission panels for various areas of activity in which the Ordinance prohibits various kinds of discrimination, including the area of employment. The flow chart of a complaint of discrimination ordinarily begins with a filing with the Executive Director. If it is determined that the complaint is to proceed, it is heard by a hearing panel whose decision is reviewed by a Commission panel which, in turn, makes the final agency decision.

Epperly's complaint was filed with the Commission in February 1989, alleging age and handicap discrimination. In September 1991 the Commission's Executive Director, after conducting an investigation, concluded that "there are no reasonable grounds to believe [ARC] has engaged in any unlawful discriminatory employment practices" under the Ordinance. Epperly requested the right to appear before the Commission's Employment Panel for a final determination whether her complaint ought to be dismissed. On June 18, 1992, the Employment Panel affirmed the Executive Director's "no reasonable grounds" determination with respect to the age discrimination claim, but directed that a *de novo* hearing before a hearing panel be conducted with respect to Epperly's claim of discrimination on the basis of physical handicap.

An intermittent hearing on the merits, conducted by a hearing panel of the Commission's Employment Panel and comprising some eleven sessions, was convened on January 21, 1993, and concluded on April 13, 1993. Two years later, on April 10, 1995, the hearing panel issued its forty-three page

"Decision and Order," finding in Epperly's favor and ordering various relief.

ARC requested that the Commission's Employment Panel hear oral argument before issuing the Commission's final decision. That argument was held on September 27, 1995, before a three-member panel. On January 23, 1996, a "Decision and Order" was issued, signed by the "Chairperson for Oral Argument, Human Relations Commission Employment Panel" and stating that it was "[f]or the Employment Panel (unanimous)." The "Decision and Order" for the Employment Panel affirmed the hearing panel's determination.

In the subject action for judicial review the Circuit Court for Montgomery County, by written opinion filed March 17, 1997, affirmed with two exceptions and remanded to the Commission solely to recalculate damages. The parties cross-appealed to the Court of Special Appeals, and we granted "bypass" certiorari.

ARC makes two arguments challenging the power of the Commission to decide this case. If ARC is correct on either argument, it would be dispositive of the present appeal. In order for us to present these arguments, it is necessary first to review the Commission's structure and procedures more precisely than in the overview we have set forth above.

The Commission proper is comprised of not less than nine nor more than fifteen members. § 27–2(a). They are appointed for three-year terms and continue to serve until a successor has been appointed and approved. *Id.* There are Commission panels appointed by the County Executive "on public accommodations, housing, employment, and any further panel as determined by law." § 27–2(b)(1). Commission panel members have terms of three years, and "[a] panel member continues to serve after the term expires and until a successor has been appointed and has qualified." § 27–2(b)(2). The Commission panel relevant to the instant matter is that on employment. It consists of "at least 2 members of the Commission on Human Relations, one member of the Commission for women, and 2 members of the community at large or 2

additional members of the Human Relations Commission
...." § 27–2(b)(5). Members of the Commission and members of a Commission panel who are not members of the Commission are eligible to serve on a hearing panel. § 27–2(b)(6).

Hearing panels are appointed by the chairperson of the relevant Commission panel, after consultation with the Executive Director and the chairperson of the Commission. § 27–7(e)(2). A hearing panel consists of three to nine persons drawn from members of the Commission and Commission panels. *Id.* & § 27–2(b)(6). "The commission panel that appointed a hearing panel must review the decision and order of the hearing panel." § 27–7(f)(4).[2]

## I

ARC's first contention is that the Employment Panel's order, issued after two-thirds of the panel were no longer Commission members, is void. In October 1995, after oral argument before the Commission's Employment Panel in September 1995 on Epperly's claims, but before the January 23, 1996 decision and order "[f]or the Employment Panel," the terms of the three members of the Employment Panel expired. Only one of those three members, the chairperson, was reappointed. Prior to January 23, 1996, replacements had been appointed and confirmed for the two Employment Panel members whose terms had expired.[3]

Subsection 27–2(b) deals with *"Commission panels; appointment, duties, term of office."* Sub-subsection (b)(2), es-

---

**2.** The possible conflict in the Ordinance between appointment of a hearing panel by the chairperson of the relevant Commission panel or by that panel as a body is not germane to the issues before us.

**3.** The above facts are evidenced by correspondence between the Employment Panel chairperson and the County Attorney. Although the official documents evidencing these appointments and confirmations are not part of the record, the record indicates that the County Attorney, in a letter to counsel for Epperly, promised that the official documents would be forwarded to counsel. Epperly does not challenge the accuracy of the facts on which ARC's argument is based.

tablishing three-year terms for panel members, provides that "[e]ach panel member continues to serve after the term expires and until a successor has been appointed and has qualified." Sub-subsection (b)(3) provides that "[a] quorum for a meeting of a panel is the majority of the members assigned to the panel." The Commission panel assigned to render the Commission's decision in Epperly's case had three members assigned to it, but prior to decision only one member of the Epperly employment panel continued to be a member of the Commission's Employment Panel. There may not be a majority of one on a three-member panel. Accordingly, the Commission has never rendered a final decision in the instant matter.

Epperly seeks to salvage the situation by having this Court read into the Ordinance a power inherent in a former Employment Panel member to continue to exercise in a pending case the powers conferred on a Commission panel until that case has been decided. In support Epperly cites § 27–1(c) which in part states that the legislative "intent is to assure that a complaint filed under this article may proceed more promptly than possible under either federal or state law." It would, of course, be consistent with this policy if the Ordinance provided for a continuation of the powers of a former Employment Panel member in order to decide pending cases, but the recital of policy does not authorize this Court to insert words into the statute.

Our conclusion is reinforced by § 27–2(b)(6) dealing with hearing panels. It in part provides as follows:

> "If a Commission member or panel member is serving on a *hearing* panel at the time the term of the member expires, the member may continue to serve on and participate in the decision of the *hearing* panel until the hearing panel renders a final decision in the controversy pending at the time the member's term expires."

(Emphasis added). There is no comparable provision dealing with a member of a Commission panel.

Epperly argues that the reference to "a final decision" in § 27–2(b)(6) means that the provision should be applied to Commission panel members as well, inasmuch as that body renders "a final decision." The plain meaning of § 27–2(b)(6), however, is that the power in a hearing panel member whose term has ended continues until a final decision by the hearing panel. The Ordinance is structured to provide a two-tiered system within the Commission. A hearing panel acts much like a hearing examiner or administrative law judge in other agencies, while the ultimate decision authority rests with a Commission panel. *See, e.g., Anderson v. Department of Pub. Safety & Correctional Servs.*, 330 Md. 187, 623 A.2d 198 (1993). A complaint does not move from the evidence taking and recommended decision level to the Commission final decision level until the recommended decision by a hearing panel is complete or final at that level.

Nor can we imply a power to decide on the part of a former Commission panel member based upon the express provision conferring that power on former hearing panel members. The difference in treatment seems to be deliberate. On the one hand, the hearing panel takes evidence which, as this case illustrates, can consume a considerable period of time. On the other hand, a Commission panel makes its review on the record, assisted, where appropriate, by oral argument. The difference in treatment between former members of the two bodies appears to recognize that the investment of time and effort by a former member of a reviewing Commission panel ordinarily would not be nearly so great as that of a former member of a hearing panel.

For these reasons this action will have to be remanded to the Commission for review by the Employment Panel, lawfully constituted, of the decision of the hearing panel and for the entry of the Commission's final decision.

## II

ARC's second contention is that there is no authority for any hearing panel to hear Epperly's complaint because the

Executive Director of the Commission determined on initial review that Epperly's complaint lacked reasonable grounds. After a complaint is filed with the Executive Director, that official makes "such investigation as deemed necessary." § 27–7(b). If the Executive Director "determines that there are reasonable grounds to believe a violation has occurred," that official is to attempt to conciliate; if conciliation is unsuccessful, the Executive Director notifies the relevant Commission panel to schedule a hearing. § 27–7(c). Complaints that, in the Executive Director's opinion, lack reasonable grounds are addressed in § 27–7(d), which reads:

"If the executive director determines that the complaint lacks reasonable grounds upon which to base a violation of the article, the executive director shall so inform the complainant. The complainant may pursue the matter further and appear before the commission panel. *The panel shall make the final determination whether or not to dismiss the complaint.*"

(Emphasis added).

After the Executive Director found no reasonable grounds, Epperly, in October 1991, presented her complaint to the Commission's Employment Panel which found a reasonable basis and concluded that the complaint should proceed to hearing on the merits.

ARC's position is that, where the Executive Director has found no reasonable basis, a Commission panel can only send a complaint back to the Executive Director for investigation if the Commission panel decides that the complaint should not be dismissed, and that, under those circumstances, a Commission panel has no authority to authorize a full hearing on the merits. This position had been taken by the former County Attorney for Montgomery County in her September 27, 1993 opinion to the Commission's Executive Director.

This position is based on Rule 3.5 of the Commission which reads as follows:

"The panel may dismiss any complaint upon the recommendation of the Executive Director if the panel determines

that the complaint lacks reasonable grounds to believe a violation of Law has occurred. In the alternative, the panel may order such further investigation as may be necessary. However, prior to such dismissal, the complainant shall be notified by the Executive Director of the recommendation and shall be entitled to appear before the panel as provided in the Law."

The above-quoted rule does not control this case. On its face the rule deals with cases in which the complainant has not, or not yet, sought review before a Commission panel of a reasonable basis determination by the Executive Director that is adverse to the complainant and with which a Commission panel agrees. If, as here, the complainant requests review, then the complainant appears "before the panel as provided in the Law." The "Law" is § 27–7(d) under which the Commission panel "make[s] the final determination whether or not to dismiss the complaint."

The ordinary interpretation of the quoted language is that the complaint proceeds if the Commission panel determines not to dismiss it. A determination not to dismiss necessarily includes a determination to proceed to hearing. Such a determination is not limited solely to referring the matter back to the Executive Director for further investigation. The latter interpretation produces absurd consequences and could result in an endless cycle of differences of opinion between a Commission panel and the Executive Director. Section 27–7(d) prevents such a deadlock by specifically providing that it is the Commission panel that makes "the final determination."

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY VACATED AND CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY WITH INSTRUCTIONS TO REMAND THIS ACTION TO THE MONTGOMERY COUNTY COMMISSION ON HUMAN RELATIONS FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY TO ABIDE THE RESULT.**